UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARRIE PORTUGAL<br>aka Carrie Flores, aka Carrie Carreon (2),<br><br>Defendant. | Case No.  19cr4770-WQH<br><br>ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Second Superseding Information the United States sought forfeiture of all right, title, and interest in specific properties of Defendant CARRIE PORTUGAL aka Carrie Flores, aka Carrie Carreon (2) ("Defendant"), pursuant to 21 U.S.C. § 853, as charged in the Second Superseding Information; and

WHEREAS, on or about February 3, 2022, Defendant pled guilty before this Court to Count 2 of the Second Superseding Information, which count charged the Defendant with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and alleging criminal forfeiture of all proceeds and all facilitating property pursuant to 21 U.S.C. § 853. The Defendant also agreed to pay the United States the sum of $39,500 by cashiers' check payable to the US Marshal Service in lieu of the forfeiture of a 2013 Bentley automobile, and also agreed to forfeit via a forfeiture money judgment all proceeds received by the

Defendant in the amount of $381,667.00, all pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure. The Defendant further agreed to deliver $381,667.00 to Drug Enforcement Administration / United States Marshals Service on or before the first date of sentencing set by the Court for application to the forfeiture money judgment; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that the Defendant's interest in the 2013 Bentley automobile (pending payment by Defendant of the $39,500.00) and a forfeiture money judgment in the amount of $381,667.00, which represents the proceeds that the Defendant obtained directly as a result of the offense to which Defendant pled guilty, 21 U.S.C. §§ 841 and 846, as charged in the Second Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture as to the 2013 Bentley automobile and a forfeiture money judgment in its favor against the Defendant for the proceeds received by the Defendant in the amount of $381,667.00, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the 2013 Bentley automobile and the $381,667.00 forfeiture money judgment and the offense; and

WHEREAS, the Defendant has agreed to pay $39,500 to the United States forthwith in lieu of the forfeiture of the 2013 Bentley automobile and has agreed to pay the full amount of the forfeiture money judgment on or before the first date scheduled for sentencing, and agreed that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

//

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Defendant CARRIE PORTUGAL (2) shall forfeit to the United States the 2013 Bentley automobile and a forfeiture money judgment in the amount of $381,667.00 in favor of the United States representing the proceeds Defendant received from the offense of conviction, which forfeiture money judgment is in favor of the United States against Defendant CARRIE PORTUGAL (2), with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

2. Upon Defendant's payment of the $39,500 in lieu of the forfeiture of the 2013 Bentley automobile, the funds shall be ordered forfeited without the need for a separate court order; and

3. Defendant is directed to comply with the other terms of the forfeiture addendum and plea agreement; and

4. This Court shall retain jurisdiction in the case for the purpose of enforcing the forfeiture money judgment and collecting and enforcing the forfeiture; and

5. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

6. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which the forfeiture money judgement may be enforced; and

7. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $381,667.00 to satisfy the forfeiture money judgment in whole or in part; and

//

8. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

Dated: April 7, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court